14749.    BENNET, trustee, *v.* CHATTAHOOCHEE FERTILIZER Co.

BELL, J.  The trustee in bankruptcy filed a suit to recover $336 alleged to have been received by the defendant, as a creditor, from the bankrupt as a preference, in violation of section 60 (b) of the Federal bankruptcy act.  The evidence disclosed that the estate of the bankrupt was appraised at $800, and that all of it was set apart to the bankrupt as an exemption, and that the only amount which the bankrupt paid to the defendant was $197.95.  The trustee in bankruptcy testified:  "There have been no dividends to creditors, and unless judgment is recovered in this case there will be no dividends."  *Held:*

The bankruptcy act follows the State law in regard to the amount of property to be allowed as an exemption, and as to the persons entitled

thereto and the acts that will forfeit the right. The bankrupt would have been entitled to an exemption of $1600 if his assets had been sufficient. Should the plaintiff have recovered, the fund would merely have inured to increase the amount of the exemptible assets. The presumption is that the bankrupt would have claimed it, as any one presumably will accept what the law establishes in his favor, he having the right (not assumed without evidence to have been forfeited or waived) to amend his schedule and claim for exemption at any time before the distribution of the assets. It is conclusively to be inferred, from the testimony of the trustee, that no other voidable preference was made, and therefore that there was no possibility of an increase of the bankrupt estate to a sum in excess of $1,600. It therefore appears that if the trustee had recovered, the bankrupt, and not the creditors, would have been the beneficiary. See 4 Remington on Bankruptcy (3d ed.), § 1653. If the action could proceed in the interest of the bankrupt, the plaintiff trustee in that instance, like the bankrupt himself, would be estopped from claiming that the transaction alleged as a preference was not bona fide and valid between the parties. The trial judge was therefore right in directing a verdict in favor of the defendant.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED DECEMBER 7, 1923.

Complaint; from city court of Tifton—Judge Price.    June 8, 1923.

*Fulwood & Hargrett, W. B. Bennet,* for plaintiff.

*R. D. Smith,* for defendant.